UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREGORY M. DRISCOLL,<br>    Plaintiff<br><br>Vs.<br><br>HSBC MORTGAGE SERVICES and<br>MORTGAGE ELECTRONIC REGISTRATIONS, INC.,<br>as Nominee for Household Finance Corporation,<br>its Successors and Assigns and<br>DOONAN, GRAVES & LONGORIA, LLC,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   05-40120-FDS<br>)<br>)<br>)<br>) |

## VERIFIED COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

1. The Plaintiff, Gregory M. Driscoll, is an individual and resident at 87 Flagg Street, Worcester, Massachusetts.

2. The Defendant, HSBC Mortgage Services and Mortgage Electronic Registrations, Inc. as Nominee for Household Finance Corporation, its Successors and Assigns (hereinafter "HSBC") is a Delaware Corporation doing business in Massachusetts with a principle place of business at 636 Grand Regency Blvd., Bandon, Florida.

3. The Defendant, Doonan, Graves & Longoria, LLC (hereinafter "Doonan, LLC") is a limited liability corporation of attorneys at law with a principle place of business at 100 Cummings Center, Beverly, Massachusetts.

### Jurisdiction

4. This is a diversity action under Title 28 U.S.C. §1332 and also presents a federal question conferring this Court jurisdiction.

1

## **FACTUAL ALLEGATIONS**

5. The Plaintiff, Gregory M. Driscoll, is the owner of real property located at 87 Flagg Street, Worcester, Massachusetts (hereinafter the "Property"). The Plaintiff gave a mortgage to Novastar Mortgage, Inc. (hereinafter "Novastar") a Virginia Corporation dated April 8, 1999 and recorded at the Worcester County Registry of Deeds at Book 21261, Page 222.

6. The Plaintiff has owned the Property since 1996 and lives at the Property with his wife and two children.

7. Sometime after April 8, 1999, Novastar sold the Plaintiff's mortgage which is now held by assignment by the Defendant, HSBC.

8. The Plaintiff's scheduled monthly mortgage payment as of December 1, 2004 was $903.77. See **Exhibit 1.**

9. By letter dated December 16, 2004, HSBC identified that Plaintiff's account was in "good standing" and advised him that his scheduled payment was past due. See **Exhibit 2**.

10. By letter dated January 17, 2005, HSBC sent Plaintiff a Notice To Cure And Intent To Accelerate claiming he owed $4,495.82 for payments due on and after December 1, 2004. See **Exhibit 3**.

11. By letter dated February 4, 2005, Plaintiff responded to HSBC identifying he was unaware of any outstanding payments and requested to know why HSBC claimed he owed $4,495.82; how HSBC calculated this debt; and requested information as to how his previous twelve (12) months of payments were applied by HSBC. See **Exhibit 4**.

12. On February 11, 2005, HSBC received Plaintiff's monthly payment check in the amount of $902.31, sent by certified mail. See **Exhibit 5**.

13. By letter dated February 14, 2005, Plaintiff received another Notice To Cure And Intent To Accelerate claiming he now owed HSBC the amount of $6,707.12. See **Exhibit 6**.

14. By letter dated February 16, 2005, HSBC again claimed Plaintiff owed $6,707.12. See **Exhibit 7**.

15. By letter dated March 22, 2005, Plaintiff responded to HSBC by again stating he did not understand how he owed $6,707.12; Plaintiff continued to ask for an explanation and identified he disputed the debt under his rights set forth under the Fair Debt Collection Practices Act. (hereinafter "FDCPA"). See **Exhibit 8**.

16. By letter dated April 15, 2005, Plaintiff again wrote to HSBC identifying he had received no response to his prior letters disputing the debt and invoking his rights under FDCPA. See **Exhibit 9**.

17. On or about April 28, 2005, Plaintiff was served with an Order of Notice from Doonan, LLC under the Soldiers' and Sailors' Civil Relief Act of 1940, as amended identifying that HSBC had filed a complaint in Land Court to foreclose a mortgage. Only the Order of Notice was served on Plaintiff by the Worcester County Sheriff's Department, the Complaint was not served.. See **Exhibit 10**. Plaintiff erroneously and mistakenly did not file an answer in Land Court in Massachusetts on the basis he was not in the military service. Plaintiff did not seek legal counsel until after June 15, 2005, the date of the public foreclosure auction of the Property.

18. By letter dated April 30, 2005, Plaintiff wrote to the Defendant, Doonan, LLC, HSBC's debt collector, requesting that the law firm stop all further debt collection action against him and enclosed his prior correspondence to HSBC dated February 4, 2005, March 22, 2005 and April 15, 2005 explaining HSBC had failed to respond to all Plaintiff's inquiries about this alleged debt and his rights under the FDCPA. See **Exhibit 11**.

19. By letter dated May 31, 2005, Plaintiff again wrote to HSBC reiterating that all his written communications seeking to understand the debt HSBC claimed he owed were never responded to by either HSBC or anyone on its behalf. See **Exhibit 12**.

20. <u>At no time prior to June 15, 2005</u>, the date of the Public Foreclosure Auction of his Property, did Plaintiff receive any of the following as required by M.G.L. c. 244, §§11-17C:

   a. Complaint to Foreclose Mortgage filed in the Land Court; or,

   b. Notice of Mortgagee's Sale of Real Estate.

21. On June 15, 2005, Plaintiff learned from a telephone call from his wife that a lawyer and auctioneer were standing on the Property and were about to conduct a Public Auction to foreclose on their home.

22. Plaintiff immediately returned to the Property on June 15, 2005 where he stood in front of the auctioneer, the lawyer for HSBC and the prospective bidders with the letters he wrote to HSBC and to its attorneys and stated to the crowd who were present for the auction that he had a dispute with HSBC, that he had written letters to HSBC and its attorneys identifying that he disputed the debt and sought an explanation of the debt,

that he had rights under the FDCPA, and that HSBC and its representatives failed to respond to any of his written inquiries.

23. The auctioneer and lawyer looked at Plaintiff's letters of correspondence and then Plaintiff asked everyone to leave his property. The HSBC lawyer present, Erin Powers, from Doonan, LLC refused to accept copies of these letters of correspondence and told the Plaintiff that she would call or the Police if the Plaintiff did not allow the public auction to continue on his property.

24. The "High Bidder" for the Property at the auction on June 15, 2005 was present at all times when the Plaintiff explained to the auction attendees that he had a dispute with the debt HSBC claimed was owed. Some prospective bidders asked Plaintiff specific questions concerning his debt dispute and chose not to bid.

25. By letter dated June 17, 2005, an attorney for the Plaintiff wrote to HSBC counsel, Erin Powers from Doonan, LLC claiming that an injustice may have occurred as Plaintiff raised questions and concerns about the debt HSBC alleged was owed as early as January 17, 2005, and had received no response to any of his correspondence prior to the foreclosure auction. See **Exhibit 13**.

26. By letter dated June 29, 2005, an attorney for the Plaintiff wrote directly to John Doonan, Esquire at Doonan, LLC requesting to hear from him concerning the Property. See **Exhibit 14**.

27. By letters dated July 2, 2005, Plaintiff wrote to HSBC again identifying he had never received any specific response to any of his inquires or his attorney's inquiries about the debt HSBC claimed he owed. See **Exhibit 15**.

28. As of July 6, 2005, there was a complete lack of response by Doonan, LLC to the various Plaintiff's inquiries made through his attorney, and a letter was sent to Doonan, LLC identifying that Plaintiff would seek to protect and enforce his rights against HSBC. See **Exhibit 16**.

29. By letter dated July 8, 2005, a paralegal at Doonan, LLC wrote that her client, HSBC, sent Plaintiff a demand letter dated February 14, 2005, which she would forward to him upon her receipt from HSBC. See **Exhibit 17**.

30. By fax letter dated July 13, 2005, a paralegal at Doonan, LLC forwarded a copy of the February 14, 2005 letter from HSBC to Plaintiff's counsel. See **Exhibit 18**.

31. By letter dated July 15, 2005, John A. Doonan, Esquire of Doonan, LLC forwarded a communication to Plaintiff's counsel that HSBC's position was that the: *"foreclosure is in fact valid and that we intend to close a week from today on Friday, July 22, 2005."* See **Exhibit 19**.

32. On July 21, 2005 the Plaintiff filed an Emergency Motion, *Pro Se* in the Worcester Superior Court (Docket No.: WOCV2005-1363C) seeking a Temporary Restraining Order to stop the closing from occurring on July 22, 2005 between the "Highest Bidder" and HSBC; a Hearing was scheduled for July 22, 2005 at 11:00 A.M. before the Honorable Judge Henry.

33. Attorney John A. Doonan from Doonan, LLC appeared at the Hearing in the Worcester Superior Court on July 22, 2005 and filed a Notice of Removal of Matter to United States District Court stating as grounds for removal: citizenship diversity. See **Exhibit 20**. As a result of the representation by Attorney Doonan that he was

6

removing the action to the U.S. District Court, Judge Henry in the Worcester Superior Court, took no action on the Plaintiff's Emergency Motion.

34. Neither Attorney John A. Doonan, Doonan, LLC nor HSBC took any steps after the Superior Court Hearing on July 22, 2005 to remove the case to the U.S. District Court.

35. Due to the urgency of Plaintiff's situation, Plaintiff filed his own action *pro se*, in this Court on the afternoon of July 22, 2005 and this Court entered a Temporary Restraining Order. A copy of the <u>entire</u> file from Land Court—Massachusetts Docket #05MISC30875 is attached as **Exhibit 21.**

## COUNT I
## Gregory Driscoll v. HSBC
## Violation of M.G.L. c 244, §14

36. Plaintiff incorporates Paragraphs 1 through 35 above as if fully set forth herein.

37. HSBC has failed to comply with the statutory requirements for a foreclosure sale by failing to send to the Plaintiff, by registered mail, the Notice of Mortgagee's Sale of Real Estate, as of thirty (30) days prior to the date of sale, as he is the owner of the equity of redemption.

38. As a direct result of HSBC's failure to provide Plaintiff with such Notice, Plaintiff was unaware of the date and time for the foreclosure sale and was precluded from seeking legal remedies to stop the foreclosure auction on June 15, 2005, irreparable harm has occurred to the Plaintiff causing a cloud on the title of the Property.

WHEREFORE, the Plaintiff prays this Court enter an Order which invalidates the foreclosure by HSBC, and any other such relief this Court deems just and equitable.

## COUNT II
## Gregory Driscoll v. HSBC
## Violation of Mortgagee's Peaceful Entry for Purposes of Foreclosure, M.G.L. c 184, §18

39. Plaintiff incorporates Paragraphs 1 through 35 above as if fully set forth herein.

40. On June 15, 2005, HSBC entered onto the Property and Plaintiff opposed HSBC's entry on the grounds of a disputed debt and invoked his rights under the FDCPA; Plaintiff requested HSBC and its agents and representatives to leave the Property.

41. HSBC and its agents and representatives refused to leave the property and threatened to call the Police if Plaintiff did not allow the foreclosure auction to proceed.

42. The Plaintiff was intimidated by HSBC and its agents and representative's threats of calling the Police and his possible arrest and as a result, HSBC forcibly entered the Property and conducted a foreclosure auction, causing irreparable harm to the Plaintiff.

WHEREFORE, Plaintiff prays that this Court enter an Order which invalidates the foreclosure by HSBC, and any other such relief as this Court deems just and equitable.

## COUNT III
## Gregory Driscoll v. HSBC
## Breach of Good Faith and Reasonable Diligence

43. Plaintiff incorporates Paragraphs 1 through 35 above as if fully set forth herein.

44. HSBC, as the Mortgagee, owes a duty of good faith and reasonable diligence to the Plaintiff, as holder of the equity of redemption of the property.

45. HSBC failed to provide Plaintiff proper notice of the foreclosure including failure to provide Plaintiff with notice as to the date and time of sale as required by M.G.L. c. 244, §14.

46. HSBC failed to provide Plaintiff with any information as to the basis of the debt it claimed was due, despite repeated written demand from the Plaintiff.

47. As a result of these failure by HSBC, HSBC has breached its duty of good faith and reasonable reliance to the Plaintiff, who is holder of the equity of redemption.

WHEREFORE, Plaintiff prays this Court enter judgment for the Plaintiff an Order the Defendant to pay Plaintiff damages, costs and reasonable attorney fees.

### COUNT IV
### Gregory Driscoll v. HSBC
### Trespass

48. Plaintiff incorporates Paragraphs 1 through 35 above as if fully set forth herein.

49. On June 15, 2005, HSBC entered onto the Property and Plaintiff opposed HSBC's entry on the grounds of a disputed debt and invoked his rights under the FDCPA; Plaintiff requested HSBC and its agents and representatives to leave the Property.

50. HSBC and its agents and representatives refused to leave the property and threatened to call the Police if Plaintiff did not allow the foreclosure auction to proceed.

51. HSBC and its agents and representatives were illegally on the Property and their refusal to leave the Property when asked by Plaintiff constitutes a trespass which caused Plaintiff irreparable damages.

WHEREFORE , Plaintiff prays this Court enter judgment for the Plaintiff and Order Defendant to pay Plaintiff damages, costs and reasonable attorneys fees.

## COUNT V
## Gregory Driscoll v. HSBC
## Violation of Fair Collection Practices Act, 15 U.S.C. §1692g

52. Plaintiff incorporates Paragraphs 1 through 35 above as if fully set forth herein.

53. HSBC failed to provide the required notice as set forth in the FDCPA to the Plaintiff in its Notice to Cure and Intent to Accelerate letters. (See **Exhibits 3 and 5**) The FDCPA requires the Creditor in its Notice to state that Plaintiff had the right to dispute the validity of the debt, or any portion thereof, within thirty (30) days as set forth in 15 U.S.C. §1692g. (a)(3).

54. HSBC failed in its Notice to Cure and Intent to Accelerate letters (**Exhibit 3 and 5**) to provide the required notice to the Plaintiff as set forth in the FDCPA that if the Plaintiff notifies the debt collector in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the Plaintiff by the debt collector, as set forth in 15 U.S.C. §1692g. (a)(4).

55. The Plaintiff notified HSBC within the prescribed time period of his dispute of the debt and HSBC was required by the provisions of 15 U.S.C. §1692g. (b) to cease collection of the debt.

56. HSBC failed to cease collection of the debt and proceeded to a foreclosure of the Property in violation of 15 U.S.C. §1692g.

WHEREFORE, Plaintiff prays this Court enter a judgment for the Plaintiff for actual damages and additional damages as set forth in 15 U.S.C. §1692K, plus costs and reasonable attorneys fees.

### COUNT VI
### Gregory Driscoll v. HSBC
### Unfair Debt Collection Practices in Violation of
### 15 U.S.C. §1692f.

57. Plaintiff incorporates Paragraphs 1 through 35 above as if fully set forth herein.

58. HSBC's failure to respond to the Plaintiff's repeated written requests for information and failure to offer any explanation of what the debt was for, how it was calculated and how Plaintiff's previous twelve (12) months of payments were applied, which are a reasonable consumer requests, is an unfair and unconscionable debt collection practice.

59. HSBC's failure to respond to Plaintiff's counsel's various written and telephone requests for information about the Plaintiff's debt is an unfair and unconscionable debt collection practice.

60. HSBC's failure to respond to the Plaintiff's consumer inquiries, proceeding with the foreclosure sale, trespassing on Plaintiff's Property by making a forcible entry, all constitute unfair debt collection practices in violation of 15 U.S.C. §1692 *et seq.*

WHEREFORE, Plaintiff prays this Court enter a judgment for the Plaintiff for actual damages and additional damages as set forth in 15 U.S.C. §1692K, plus costs and reasonable attorneys fees.

## COUNT VII
## Gregory Driscoll v. Doonan, LLC
## Violation of M.G.L. c 244, §14

61. Plaintiff incorporates Paragraphs 1 through 35 above as if fully set forth herein.

62. Doonan, LLC has failed to comply with the statutory requirements for a foreclosure sale by failing to send to the Plaintiff, by registered mail, the Notice of Mortgagee's Sale of Real Estate, as of thirty (30) days prior to the date of sale, as Plaintiff is the owner of the equity of redemption.

63. As a direct result of Doonan, LLC's failure to provide Plaintiff with such Notice, Plaintiff was unaware of the date and time for the foreclosure sale and was precluded from seeking legal remedies to stop the foreclosure auction on June 15, 2005, causing Plaintiff irreparable harm and a cloud has attached to the title of the Property.

WHEREFORE, the Plaintiff prays this Court enter an Order which invalidates the foreclosure by Doonan, LLC, and any other such relief this Court deems just and equitable.

## COUNT VIII
## Gregory Driscoll v. Doonan, LLC
## Violation of Mortgagee's Peaceful Entry for Purposes of Foreclosure, M.G.L. c 184, §18

64. Plaintiff incorporates Paragraphs 1 through 35 above as if fully set forth herein.

65. On June 15, 2005, Doonan, LLC entered onto the Property and Plaintiff opposed Doonan, LLC's entry on the grounds of a disputed debt and invoked his rights under the FDCPA; Plaintiff requested Doonan, LLC and its agents and representatives to leave the Property.

66. Doonan, LLC and its agents and representatives refused to leave the property and threatened to call the Police if Plaintiff did not allow the foreclosure auction to proceed.

67. The Plaintiff was intimidated by Doonan, LLC and its agents and representative's threats of calling the Police and his possible arrest and as a result, Doonan, LLC forcibly entered the Property and conducted a foreclosure auction, causing irreparable harm to the Plaintiff.

WHEREFORE, Plaintiff prays that this Court enter an Order which invalidates the foreclosure by Doonan, LLC, and any other such relief as this Court deems just and equitable.

### COUNT IX
### Gregory Driscoll v. Doonan, LLC
### Breach of Good Faith and Reasonable Diligence

68. Plaintiff incorporates Paragraphs 1 through 35 above as if fully set forth herein.

69. Doonan, LLC, as the legal counsel for the Mortgagee, owes a duty of good faith and reasonable diligence to the Plaintiff, as holder of the equity of redemption of the property.

70. Doonan, LLC, as counsel for the Mortgagee, failed to provide Plaintiff proper notice of the foreclosure and the foreclosure sale, including but not limited to failure to provide notice as to the date and time of sale.

71. Doonan, LLC failed, as counsel for the Mortgagee, to provide Plaintiff with any information as to the basis of the debt HSBC claimed was due, despite Plaintiff's repeated written demand.

72. As a result of these failures by Doonan, LLC, Doonan, LLC has breached its duty of good faith and reasonable reliance to the Plaintiff, as holder of the equity of redemption.

WHEREFORE, Plaintiff prays this Court enter judgment for the Plaintiff an Order the Defendant to pay Plaintiff damages, costs and reasonable attorney fees.

### COUNT X
### Gregory Driscoll v. Doonan, LLC
### Trespass

73. Plaintiff incorporates Paragraphs 1 through 35 above as if fully set forth herein.

74. On June 15, 2005, Doonan, LLC entered onto the Property and Plaintiff opposed Doonan, LLC's entry on the grounds of a disputed debt and invoked his rights under the FDCPA; Plaintiff requested Doonan, LLC and its agents and representatives to leave the Property.

75. Doonan, LLC and its agents and representatives refused to leave the property and threatened to call the Police if Plaintiff did not allow the foreclosure auction to proceed.

76. Doonan, LLC and its agents and representatives refusal to leave the Property when asked by Plaintiff constitutes a trespass which caused Plaintiff irreparable damages.

WHEREFORE, Plaintiff prays this Court enter judgment for the Plaintiff and Order Defendant to pay Plaintiff damages, costs and reasonable attorneys fees.

### COUNT XI
### Gregory Driscoll v. Doonan, LLC
### Violation of Fair Collection Practices Act,
### 15 U.S.C. §1692g

77. Plaintiff incorporates Paragraphs 1 through 35 above as if fully set forth herein.

78. Doonan, LLC, as a debt collector, failed to provide the required notice under the FDCPA. The FDCPA requires the debt collector's Notice to state that Plaintiff had the right to dispute the validity of the debt, or any portion thereof, within thirty (30) days as set forth in 15 U.S.C. §1692g. (a)(3).

79. Doonan, LLC, as a debt collector, failed to provide the required notice to the Plaintiff that if the Plaintiff notifies the debt collector in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the Plaintiff by the debt collector, as set forth in 15 U.S.C. §1692g. (a)(4).

80. The Plaintiff notified Doonan, LLC within the prescribed time period of his dispute of the debt and Doonan, LLC was required by the provisions of 15 U.S.C. §1692g. (b) to cease collection of the debt.

81. Doonan, LLC failed to cease collection of the debt and instead, proceeded to a foreclosure of the Property in violation of 15 U.S.C. §1692g.

WHEREFORE, Plaintiff prays this Court enter a judgment for the Plaintiff for actual damages and additional damages as set forth in 15 U.S.C. §1692K, plus costs and reasonable attorneys fees.

### COUNT XII
### Gregory Driscoll v. Doonan, LLC
### Unfair Debt Collection Practices in Violation of
### 15 U.S.C. §1692f.

82. Plaintiff incorporates Paragraphs 1 through 35 above as if fully set forth herein.

15

83. Doonan, LLC's failure to respond to the Plaintiff's repeated written requests for information and an explanation of what the debt was for, how it was calculated and how his previous twelve (12) months of payments were applied, which were reasonable consumer requests, is an unfair and unconscionable debt collection practice.

84. Doonan, LLC's failure to respond to Plaintiff's counsel's various requests for information about the debt is an unfair and unconscionable debt collection practice.

85. Doonan LLC's failure to respond t the Plaintiff's consumer inquiries, proceeding with the foreclosure sale, trespassing on Plaintiff's Property by making a forcible entry all constitute unfair debt collection practices in violation of 15 U.S.C. §1692 *et seq.*

WHEREFORE, Plaintiff prays this Court enter a judgment for the Plaintiff for actual damages and additional damages as set forth in 15 U.S.C. §1692K, plus costs and reasonable attorneys fees.

## COUNT XIII
### Request for Injunctive Relief

86. Plaintiff incorporates Paragraphs 1 through 35 above as if fully set forth herein.

87. Plaintiff will suffer irreparable harm should HSBC be allowed to close on the foreclosure sale with the Highest Bidder on the Property and record a Foreclosure Deed.

WHEREFORE, Plaintiff prays:

A. This court enter a Preliminary Injunction Order pursuant to Fed.R.Civ.P. 65 to enjoin the parties to this action and their officers, agents, servants, employees, attorneys, and upon those persons in active concert or participation with them, from

closing or otherwise consummating the sale of real property located at 87 Flagg Street, Worcester, Massachusetts.

B. This court enter a Permanent Injunction Order pursuant to Fed.R.Civ.P. 65 to enjoin the parties to this action and their officers, agents, servants, employees, attorneys, and upon those persons in active concert or participation with them, from closing or otherwise consummating the sale of real property located at 87 Flagg Street, Worcester, Massachusetts.

Plaintiff,
Gregory M. Driscoll,
By his Attorney,

Dated: 8-2-2005

Karen L. Stern, Esquire
BBO#550391
BERNSTEIN, BURWICK & Tucker, LLC
10 Mechanic Street, Suite 150
Worcester, MA 01608
(508) 755-5555

## VERIFICATION

I, Gregory M. Driscoll, verify that I have read the Verified Complaint and Request for Injunctive Relief and state under the pains and penalties of perjury that the allegations are true and correct.

Dated: 8-2-2005

Gregory M. Driscoll