UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET #05-40120-FDS

**EXPEDITED DETERMINATION REQUESTED**

| | |
|---|---|
| GREGORY M. DRISCOLL,<br>　　Plaintiff<br><br>Vs.<br><br>HSBC MORTGAGE SERVICES and<br>MORTGAGE ELECTRONIC REGISTRATION<br>SYSTEMS, INC., as Nominee for Household Finance<br>Corporation, its Successors and Assigns and<br>DOONAN, GRAVES & LONGORIA, LLC,<br>　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MEMORANDUM OF LAW**

**Factual Background**

An auction to foreclose upon the Plaintiff, Gregory Driscoll's home was conducted on June 15, 2005. The Plaintiff maintains the auction occurred in violation of both G.L. c. 244, §14 (failure to provide proper notice to the owner of the equity of redemption) and G.L. c. 184, §18 (violation of mortgagee's peaceful entry for purposes of foreclosure when the Plaintiff notified the Defendants on June 15, 2005 who were on his property, that he disputed the debt and had invoked his rights under the Federal Fair Debt Collection Practices Act).

By letter dated July 15, 2005, the Defendant, Doonan, Graves & Longoria, LLC notified the Plaintiff that the *"foreclosure is in fact valid and that we intend to close a week from today on Friday, July 22, 2005."* The Plaintiff understood this to mean that

1

the Defendant, HSBC Mortgage Services ("HSBC") would record a foreclosure deed with the Highest Bidder from the auction on July 22, 2005.

On July 21, 2005, the Plaintiff filed an Emergency Motion, Pro Se, in the Worcester Superior Court (Docket #WOCV2005-1363C) seeking a Temporary Restraining Order (TRO) to stop the closing on July 22, 2005. A Hearing was scheduled for July 22, 2005 before the Honorable Judge Henry at 11:00 A.M. At the Hearing, counsel for HSBC from the Defendant, Doonan, Graves & Longoria, LLC represented to the Court that HSBC filed a Notice of Removal with the Worcester Superior Court to remove the Plaintiff's Pro Se action to the Federal District Court on the grounds of diversity of citizenship. As a result of this representation, Judge Henry took <u>no action</u> on the Plaintiff's TRO.

Due to the urgency of the Plaintiff's situation and not knowing whether HSBC still intended to record a foreclosure deed on July 22, 2005, the Plaintiff filed this action, Pro Se, on the afternoon of July 22, 2005 and this Court entered a TRO. A Hearing was held before this Court on August 3, 2005 and the TRO was extended.

## **Argument**

The reason this action is here in Federal Court is based upon the representation of the Defendants that they had a right to remove the action due to citizenship diversity. The Worcester Superior Court, took no action on the exigent matter for a TRO brought before the Court at the Hearing on July 22, 2005. After the Hearing, the Defendants' counsel did not bring the case to the Federal Court as would have been expected by the representations to the Superior Court. The Plaintiff, seeking

emergency relief, was forced to refile his claim on July 22, 2005 with the Federal Court which granted him a TRO and a Hearing date.

## Law

The claims raised by the Plaintiff in his Amended Verified Complaint and Request for Injunctive Relief contain claims of both state and federal law. The Complaint at Paragraph 2 alleges that the Defendant, HSBC is a Delaware Corporation doing business in Massachusetts with a principle place of business in Bandon, Florida. The amount in controversy exceeds $75,000.00. This Court has jurisdiction under Title 18 U.S.C. §1332.

The Plaintiff has also raised claims for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§1692f and 1692g, giving the Court jurisdiction of the federal claims.

## Conclusion

FOR ALL THESE REASONS, this Court can maintain jurisdiction of this case for both reasons of diversity and a federal question.

        Respectfully submitted,
        Gregory Driscoll,
        By his Attorney,

Dated: 11-7-05

Karen L. Stern, Esquire
BBO#550391
BERNSTEIN, BURWICK & TUCKER, LLC
10 Mechanic Street, Suite 150
Worcester, MA 01608
(508) 755-5555

3

## Certificate of Service

I, Karen L. Stern, Esquire, Attorney for Gregory M. Driscoll, hereby certify that I served a true and correct copy of the within Plaintiff's Memorandum of Law, on Defendant by First Class Mail, Postage Pre-paid to Attorney of Record:

John A. Doonan, Esquire
Doonan, Graves & Longoria
100 Cummings Center, Suite 213C
Beverly, MA   01915

Dated: 11-7-05

Karen L. Stern, Esquire