UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO.
05-40120-FDS

*********************************************
GREGORY M. DRISCOLL,                      *
                                          *
            PLAINTIFF                     *
                                          *
V.                                        *
                                          *
HSBC MORTGAGE SERVICES;                   *
HOUSEHOLD MORTGAGE SERVICES INC.;         *
MORTGAGE ELECTRONIC SERVICES;             *
ITS SUCCESSORS AND ASSIGNS                *
DOONAN, GRAVES & LONGORIA LLC             *
                                          *
            DEFENDANT                     *
                                          *
*********************************************

**MEMORANDUM OF LAW CONCERNING THE JURISDICTION OF THE FEDERAL DISTRICT COURT**

<u>Procedural Background</u>

This matter was filed on or about July 22, 2005 and is similar, if not identical to an action filed on July 21, 2005 in the Worcester Superior Court ( C.V. No. WOCV2005-1363C).  A restraining order was entered August 3, 2005, which has been extended by mutual consent to November 14, 2005.

<u>Factual Background</u>

Although for the purpose of this Memorandum the factual background of this matter is not entirely relevant, the Defendants HSBC Mortgage Services, et al dispute the characterization of the facts as stated in Plaintiff's Memorandum of Law and refer the Court to their previously filed Opposition to the Plaintiff's Motion for Preliminary Injunction.

Stating further, the Defendants advise the Court that on or about August 5, 2005 the offices of Doonan, Graves, and Longoria, LLC returned to the Third Party Purchaser of the subject property his Five Thousand ( $5,000.00) dollar deposit and there is <u>not</u> currently scheduled either a foreclosure auction or sale.

<u>Argument</u>

This Court maintains jurisdiction over this matter.

Diversity jurisdiction requirements are found under 28 U.S.C.A. Sec. 1332.  The Court may *sua sponte*, review the basis of diversity jurisdiction and may dismiss the action or transfer the action to the correct court.  <u>See</u>, <u>Ray v. Bird & Son & Asset Realization Co., Inc.</u>, 519 F2d 1081 (5th Cir. 1975); <u>Spanza v. Royal Netherlands S.S. Co.</u>, 254 F. Supp. 912 (E.D.N.Y. 1965).   Diversity, however, must exist as to all parties.  <u>See</u>, <u>Rowland v. Patterson</u>, 882 F.2d 97, 14 Fed. R. Serv. 3d 27 (4th Cir. 1989).  While an admission of diversity may be sufficient, (although cannot be waived by the parties) that is not possible in this matter as long as Doonan, Graves and Longoria, LLC is a defendant in this action since it is a Limited Liability Corporation organized under the laws of the Commonwealth of Massachusetts.  <u>Sun Printing & Publishing Ass'n v. Edwards</u>, 194 U.S. 377, 24 S. Ct. 696, 48 L. Ed. 1027 (1904).

28 U.S.C.A. Section 1331 provides jurisdiction to this Court for cases arising under the Constitution, laws or treaties of the United States.  The Plaintiff in this action alleges violations by the Defendants of the so-called Fair Debt Collection Practices Act ("FDCPA") found at 15 U.S.C.A. Section 1601 et seq.  Since the FDCPA is a specific federal statute with specific requirements, liability etc. this Court can exercise jurisdiction

over this matter regardless of diversity under 28 U.S.C.A. Section 1332. <u>Duignan v. U.S.</u>, 274 U.S. 195, 47 S. Ct. 566, 71 L. Ed. 996 (1927).

<u>Conclusion</u>

This Court maintains jurisdiction of this matter under 28 U.S.C.A. Section 1331 due to the allegations of violation(s) of 15 U.S.C.A. Section 1601 et. seq.

        The Defendants by their Counsel
        Doonan, Graves, & Longoria, LLC


/s/John A. Doonan
John A. Doonan, Esquire
BBO #547838
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 213C
Beverly, MA 01915
978-921-2670

Dated:  November 9, 2005

Case 4:05-cv-40120-FDS    Document 12    Filed 11/09/2005    Page 3 of 3