## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**DOCKET NO.**
**05-40120-FDS**

*********************************************

**GREGORY M. DRISCOLL,**       *

     *

    **PLAINTIFF**      *

     *

**V.**      *

     *

**HSBC MORTGAGE SERVICES;**      *

**HOUSEHOLD MORTGAGE SERVICES INC.;**  *

**MORTGAGE ELECTRONIC SERVICES;**      *

**ITS SUCCESSORS AND ASSIGNS**      *

**DOONAN, GRAVES & LONGORIA LLC**      *

     *

    **DEFENDANT**      *

     *

*********************************************

NOW COMES the Defendants, HSBC Mortgage Services, "HSBC"; Household Mortgage Services Inc. (Household); Mortgage Electronic Services (MERS); and Doonan, Graves & Longoria LLC (DGL), by and through their attorneys Doonan, Graves & Longoria LLC, and files this their Opposition to the Plaintiff's Motion for Preliminary Injunction.

### Factual Background

1.)     The Plaintiff has been the subject of foreclosure actions three (3) times since 2004 (Land Court Actions 295594, 303218 and 307875).

2.)     The Plaintiff last paid his Mortgage payment on November 1, 2004.

3.)     A Demand for payment was sent on February 14, 2005, and the plaintiff failed to cure the arrearage on or before March 14, 2005. *See* Exhibit A (a true and correct copy of the Demand Letter dated February 14, 2005, is attached hereto and incorporated herein).

4.)    The defendant, HSBC, sent the loan package to the undersigned, DGL, on March 18, 2005, to proceed with foreclosure.

5.)    To satisfy the M.G.L. Solders and Sailors requirements the undersigned filed a Complaint and Orders of Notice in the Land Court on March 22, 2005. *See* Exhibit B and C (true and correct copies of the Complaint and Orders are attached hereto and incorporated herein).

6.)    Pursuant to M.G.L., when the Orders of Notice were returned to the undersigned on April 26, 2005, they were: 1) sent to the debtor by certified mail; 2) sent for service by publication; and 3) sent to the sheriff to serve personally.

7.)    On April 26, 2005, the sale was set for June 16, 2005.

8.)    The first Order of Notice was recorded on April 27, 2005 at the Worcester County (Worcester District) Registry of Deeds in Book 36185, Page 1. *See* Exhibit D (a true and correct copy of the Order of Notice is attached hereto and incorporated herein).

9.)    The second Order of Notice was served on the Plaintiff by the Worcester County Deputy Sheriff on April 28, 2005. *See* Exhibit E (a true and correct copy of the Order of Notice is attached hereto and incorporated herein).

10.)    The third Order of Notice was published in The Worcester Telegram and Gazette on April 30, 2005. *See* Exhibit F (a true and correct copy of the Order of Notice is attached hereto and incorporated herein).

11.)    The Orders of Notice served on the Plaintiff, both via certified and mail and personally by the Worcester County Sheriff, were formal notice to the Plaintiff that the foreclosure sale was imminent.

12.) On May 5, 2005, the undersigned next sent the requisite Request for Soldiers and Sailors' Judgment; Military Affidavit; and Motion to Take Complaint for Confessed to the Land Court. *See* Exhibit G (a true and correct copy of same is attached hereto and incorporated herein.

13.) On May 16, 2005, the auctioneer was notified of the sale date, the Notice of Mortgagee Sale was drafted and sent for publication.

14.) On May 24, 2005, the Plaintiff received his third formal notification of the sale date when the deficiency letters and Notices to Jr.Lien Holders with copies of Notice of Mortgagees Sale were sent by Certified Mail. *See* Exhibit H ( a true and correct copy of the same is attached hereto and incorporated herein.)

15.) The first publication of the Notice of Mortgagee Sale ran in the Worcester Telegram and Gazette on May 26, 2005. *See* Exhibit I.

16.) The second publication of the Notice of Mortgagee Sale in The Worcester Telegram and Gazette was on June 2, 2005. *See* Exhibit I

17.) Third publication of the Notice of Mortgagees Sale in The Worcester  Telegram and Gazette was on June 9, 2005. *See* Exhibit I (a true and correct copy of same is attached hereto and incorporated herein).

18.) Prior to the sale the undersigned prepared the Memorandum of Terms and Conditions, Certificate of Entry to Foreclose, and verified that the Plaintiff had not filed bankruptcy. *See* Exhibit J (a true and correct copy of same is attached hereto and incorporated herein).

19.)    On June 16, 2005, on the subject premises the an attorney from the office of Doonan, graves and Longoria, LLC personally appeared, along with the auctioneer and several registered bidders and conducted the foreclosure sale.

20.)    The property was sold to a third party for two hundred and fifty-one thousand & 00/100 ($251,000.00) dollars. *See* Exhibit J

21.)    The third party remains ready, willing and able to close pending resolution of the instant matter.

22.)    As on the date of the foreclosure sale the total debt owed to HSBC was $140,113.54.

## Procedural Background

23.)    The Plaintiff filed a "complaint" in the Worcester County Superior Court on July 21, 2005, in civil action number 05-1363C to stay the transfer of the subject property after a foreclosure sale. *See* Exhibit K

24.)    A hearing on the Plaintiff's state court motion was held on July 22, 2005, and on July 25, 2005, HSBC's Notice of Removal was "allowed" and the Notices to all parties mailed.

26)    On July 22, 2005, Mr. Driscoll filed a *pro-se* complaint and request for Temporary Restraining Order under Docket No. 05-40120-FDS.

27.)    The hearing on the Plaintiff's request for a preliminary injunction in Docket No. 05-40120-FDS was scheduled for August 3, 2005.

28.)    On July 29, 2005, the Defendants filed the Notice of Removal of the state court action in the U.S. District Court and to date a docket number has not been assigned.

29.)    If removal of the state court action to this District Court is approved, the matters

may be consolidated as the Plaintiff's handwritten pleadings appear to raise identical

issues in both actions.

## Argument and Authorities

30.)    The first allegation in the Plaintiff's handwritten pleadings states that, "I never

received notice of the pending auction."

31.)    As set forth above, the Plaintiff was served Notice via certified mail (which was

refused *See* Exhibit L, regular mail, personal service by the sheriff, publication in the

local paper, and recording in the Registry of Deeds.

32.)    Furthermore, this was the third foreclosure that Mr. Driscoll had begun against

him from our office, the first was begun in December of 2003, and the second in 2004,

and, thus it is disingenuous at best for him to claim he was unaware of the foreclosure.

33.)    The second allegation is that the "collector of the debt, their agents and assigns

did not respond to my fair debt collection letter and [sic] (sent by registered mail)."

34.)    This allegation is without merit.

35.)    Initially, it fails to specify what letter he is referencing, however if referring to the

letter dated February 2, 2005, HSBC did in fact respond to the letter with the letter dated

February 14, 2005. *See* Exhibit A

36.)    The third allegation is that HSBC "did not validate the debt as required by the

Fair Debt Collection Practices Act 15 USC 1629G, Section 809B."

37.)    Likewise, the debt was validated in the letter dated February 14, 2005.

38.)    In paragraph four (4) the Plaintiff states, "the Attorney for the Plaintiff knew or should have known that a dispute had been lodged with their client, and a registered letter had been received on February 11, 2005."

39.)    This paragraph makes no allegation and, thus, does not require response and if it does, the Defendants refer the Court to the Letter dated February 14, 2005.

40.)    Next Plaintiff states, "[S]aid attorney, acting as collector [f]or the Plaintiff [sic] also was sent a copy of the letter to their attention by express mail. AND [sic] they made no attempt to validate the debt in violation of FDCA 15 USC 1629G Section 809B.

41.)    Again, the debt was validated in the Letter dated February 14, 2005.

42.)    Next, the Plaintiff asserts that as a result of what he alleges was a failure to "validate" the debt, "the Judgment/Order issued by the Commonwealth of Massachusetts Land Court was a Judgment obtained by fraud. (Chapter M.G.L. 185 Section 45)."

43.)    This allegation is without merit as any Judgment issued by the Land Court cannot be reviewed by the Federal District Court under the *Rooker-Feldman Doctrine, See Hill v. Town of Conway,* 193 F.3d 33, 39 (1st Cir. 1999); *see District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482-86 (1983); *see Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416.

44.)    Plaintiff nowhere asserts that he filed any answer to any of the Foreclosure actions nor took any appeals of any of those actions and it is clear that the Land Court Judgement authorizes the foreclosure under caselaw decided in this Circuit *See Soares v. Brockton Credit Union,* 107 F.3d 969 (1st Cir. 1997).

45.)    Where, as here, the equity of redemption was extinguished at the sale when the hammer fell awarding the property to the highest bidder and notice was of the foreclosure

auction was mailed to the Plaintiff and refused and said notice was also published in the

local paper, all in conformity with applicable Massachusetts Law the plaintiff's

arguments also fail to pass muster under *B.F.P. v. Resolution Trust Corp.,* 511 U.S. 531

(1994).

46.)    Finally, the Plaintiff alleges that the "[F]oreclosure Sale is therefore a fraudulent

transfer in violation of, but not limited to, Fair Credit Act, Fair Debt Collection Act,

M.G.L. Chapter 185 and all applicable state and federal statute."

47.)    This allegation is, in turn, without merit as there were no violations of either state

or federal law, the foreclosure was conducted in compliance with Massachusetts laws

regarding same and should be upheld and the Plaintiff's claim dismissed with prejudice.

WHEREFORE the defendants hereby requests that this Court accept

jurisdiction over this matter, deny the Plaintiff's request for a Temporary Restraining

Order and dismiss his Complaint with prejudice.

Dated: 8/3/05

Reneau J. Longoria Esq.
BBO #635118
John A. Doonan, Esq.
BBO #547838
Doonan, Graves & Longoria
100 Cummings Center
Suite 213C
Beverly, MA 01915
978-921-2670

02/14/05MSCO20440010uu2084655619 Breach Letter

NOTICE TO CURE AND INTENT TO ACCELERATE

02/14/05

Re: Account #0002084655

GREGORY DRISCOLL

87 FLAGG ST

WORCESTER MA 01602                    Property Location:
                                      87 FLAGG ST

                                 WORCESTER MA 01602

Dear Mortgagor:

This is a formal notice that your agreement to pay as outlined
in the terms of your Note and Mortgage/Deed of Trust has been
breached by your failure to make such payments that were due on
and after 12/01/04.

To correct this breach of agreement, the total amount of
$       6707.12 must be received in our office by the last
business day of this month. If such payment is not received by
that date, add an additional $       902.31 for the next month's
payment, which must be received within thirty (30) days from
the date of this letter. Due to the delinquency of the
mortgage, all payments must be received in CERTIFIED FUNDS
until the account has been fully redeemed. All additional
late charges and payments due after this notice must be included
in your payment. ONLY THE FULL AMOUNT DUE WILL BE ACCEPTED.

It is our intent to declare your loan past due and payable
immediately if the above mentioned breach is not remedied as
outlined by this letter.

We would like to inform you that you have the right to reinstate
after acceleration and to bring court action to assert the
non-existence of a default or any other defense you may have to
acceleration and sale of your property.

If you have made arrangements to cure the delinquency of your
mortgage and the agreement is kept, you may disregard this
notice. If the arrangements are broken, this breach will be
enforced.

Please contact us at (866) 825-1812 to discuss this urgent matter
during the following hours:Monday - Thursday  8 AM to 10 PM EST
Saturday 8 a.m. to 2 p.m.  Sunday  3 p.m. to 9 p.m. Eastern time

Sincerely,
HSBC Mortgage Services
THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE.


EXHIBIT
A

**COMMONWEALTH OF  .SSACHUSETTS**
**LAND COURT**
**DEPARTMENT OF THE TRIAL COURT**

JUDGMENT ISSUE:

Land      (
Court     ( _____
Use       (
Only      ( _____

Worcester          ss.                          Case No.

## COMPLAINT TO FORECLOSE MORTGAGE

PLAINTIFF:                    City or Town
Name                          of Residence

**Mortgage Electronic Registration Systems, Inc.**
**its successors and assigns, as nominee for**
**Household Finance Corporation,**
**its successors and assigns          Flint, MI**

DEFENDANT                     City or Town
Name                          of Residence                    Interest

**Gregory Driscoll           Worcester, MA**                  _x_ Owner

1. Your plaintiff is the ~~owner ( or~~ assignee) and holder of a mortgage with the statutory power of sale given by

| **Gregory Driscoll** | | | | | |
|---|---|---|---|---|---|
| to | | | | | |
| **Novastar Mortgage, Inc., a Virginia Corporation** | | dated | **April 08, 1999** | | |
| recorded at the | **Worcester County (Worcester District) Registry of Deeds** | Book | **21261** | Page | **222** |
| covering*    **87 Flagg Street** | | | | (Street and Number) | |
| **Worcester, MA** | | | | (and city or town) | |

and more particularly described in said mortgage.

**LAND COURT USE ONLY**

### JUDGMENT

Under the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, this cause came on to be heard and thereupon, upon consideration thereof, it appearing to the Court that the record owner is not entitled to the benefits of said Act, it is

ORDERED and ADJUDGED that the plaintiff be authorized and empowered to make an entry and to sell the property covered by the mortgage as set forth in this complaint in accordance with the powers contained in said mortgage.

By the Court.

Attest:

Deborah J. Patterson
*Recorder*

(SEAL)

NOTE: Wherever the singular is used herein, it shall be deemed to mean and include the plural where applicable.
        *A metes and bounds description to the property is not necessary



## COMMONWEALTH OF MASSACHUSETTS
## LAND COURT
## DEPARTMENT OF THE TRIAL COURT

**(SEAL)**

To                                                    Case No.

      **Gregory Driscoll**

and to all persons entitled to the benefit of the Soldiers' and Sailors' Civil Relief Act of 1940 as amended:

**Mortgage Electronic Registration Systems, Inc. its successors and assigns, as nominee for Household Finance Corporation, its successors and assigns.**

claiming to be the holder of a mortgage

covering real   property in     **Worcester**

numbered as    **87 Flagg Street**

given by

**Gregory Driscoll   to Novastar Mortgage, Inc., a Virginia Corporation dated April 08, 1999 and recorded at the Worcester County (Worcester District) Registry of Deeds at Book 21261, Page 222 and now held by Plaintiff by Assignment.**

has filed with said court a complaint for authority to foreclose said mortgage

in the manner following: **by entry and possession of and exercise of power of sale.**

If you are entitled to the benefits of the Soldiers' and Sailors' Civil Relief Act of 1940 as amended

and you object to such foreclosure you or your attorney should file a written appearance and

answer in said court at Boston on or before the           day of              2005

or you may be forever barred from claiming that such foreclosure          is invalid

under said act.

Witness, KARYN F. SCHEIER, Chief Justice of said Court this

                 day of             2005

                                 Deborah J. Patterson

                                     *Recorder*





2005 00064158
Bk: 36185 Pg: 1    Doc: COM
Page: 1 of 1    04/27/2005 10:11 AM

**COMMONWEALTH OF MASSACHUSETTS**
**LAND COURT**
**DEPARTMENT OF THE TRIAL COURT**

(SEAL)

To                                                    Case No.

**Gregory Driscoll**



05 MISC 307875

and to all persons entitled to the benefit of the Soldiers' and Sailors' Civil Relief Act of 1940 as

amended:
**Mortgage Electronic Registration Systems, Inc. its successors and assigns, as nominee for**

**Household Finance Corporation, its successors and assigns.**

claiming to be the holder of a mortgage

covering real   property in   **Worcester**

numbered as   **87 Flagg Street**

given by

**Gregory Driscoll   to Novastar Mortgage, Inc., a Virginia Corporation dated April 08, 1999**
**and recorded at the Worcester County (Worcester District) Registry of Deeds at Book**
**21261, Page 222 and now held by Plaintiff by Assignment.**

has filed with said court a complaint for authority to foreclose said mortgage

in the manner following: **by entry and possession of and exercise of power of sale.**

If you are entitled to the benefits of the Soldiers' and Sailors' Civil Relief Act of 1940 as

amended

and you object to such foreclosure you or your attorney should file a written appearance and

answer in said court at Boston on or before the   *6th*   day of *June*                2005

or you may be forever barred from claiming that such foreclosure                is invalid

under said act.

Witness, KARYN F. SCHEIER, Chief Justice of said Court this

*20th* day of *April*      2005

Mail: *Dordan, Grazes*                Deborah J. Patterson
*100 Cummings Ctr*                *Recorder*
*Beverly, Ma. 01915*

*K*

e:\Massachusetts Foreclosures\Generated_Forms\Order of Notice_Foreclosure_Driscoll_1200.51F3

**A TRUE COPY**
**ATTEST:**

*Deborah J.*
**RECOR**

EXHIBIT
D

**ATTEST: WORC. Anthony J. Vigliotti Register**

# COMMONWEALTH OF MASSACHUSETTS
## LAND COURT
### DEPARTMENT OF THE TRIAL COURT

(SEAL)



05 MISC 307875

To                                                    Case No.

**Gregory Driscoll**

and to all persons entitled to the benefit of the Soldiers' and Sailors' Civil Relief Act of 1940 as amended:

**Mortgage Electronic Registration Systems, Inc. its successors and assigns, as nominee for Household Finance Corporation, its successors and assigns.**

claiming to be the holder of a mortgage

covering real  property in    Worcester

numbered as    **87 Flagg Street**

given by

**Gregory Driscoll   to Novastar Mortgage, Inc., a Virginia Corporation dated April 08, 1999 and recorded at the Worcester County (Worcester District) Registry of Deeds at Book 21261, Page 222 and now held by Plaintiff by Assignment.**

has filed with said court a complaint for authority to foreclose said mortgage

in the manner following: **by entry and possession of and exercise of power of sale.**

If you are entitled to the benefits of the Soldiers' and Sailors' Civil Relief Act of 1940 as amended

and you object to such foreclosure you or your attorney should file a written appearance and

answer in said court at Boston on or before the     *6th*  day of  *June*          2005

or you may be forever barred from claiming that such foreclosure          is invalid

under said act.

Witness, KARYN F. SCHEIER, Chief Justice of said Court this

*20th* day of *april*     2005

Deborah J. Patterson

*Recorder*

c:\Massachusetts Foreclosures\Generated_Forms\Order of Notice_Foreclosure_Driscoll_1200.51F3



EXHIBIT
**E**

**Worcester County Sheriff's Office** • P.O. Box 1066 • Worcester, MA 01613 • (508) 752-1100

*Worcester, ss*

04/28/2005

I hereby certify and return that on 04/28/2005 at 09:03am I served a true and attested copy of the Order of Notice, letter in this action in the following manner:  To wit, by leaving at the last and usual place of abode of GREGORY DIRSCOLL  at 87 FLAGG ST, WORCESTER, MA.  Fees:  Service 20.00, Travel 19.20, Conveyance 2.00, Attest 5.00 & Postage and Handling 1.00, Total fees: $47.20

Deputy Sheriff Kenneth R Hannam

*Deputy Sheriff*

307875.

ORDER OF NOTICE

**Commonwealth of Massachusetts**
(SEAL) Land Court
**Department of the Trial Court**
Case No. 307875

To: Gregory Driscoll and to all persons entitled to the benefit of the Soldiers' and Sailors' Civil Relief Act of 1940 as amended: Mortgage Electronic Registration Systems, Inc. its successors and assigns, as nominee for Household Finance Corporation, its successor and assigns, claiming to be the holder of a mortgage covering real property in Worcester, numbered 87 Flagg Street given by Gregory Driscoll to Novastar Mortgage, Inc., a Virginia Corporation, dated April 8, 1999, and recorded with the Worcester County (Worcester District) Registry of Deeds at Book 21261, Page 222 and now held by Plaintiff by Assignment has filed with said court a complaint for authority to foreclose said mortgage in the manner following: by entry and possession and exercise of power of sale.

If you are entitled to the benefits of the Soldiers' and Sailors' Civil Relief Act of 1940 as amended and you object to such foreclosure you or your attorney should file a written appearance and answer in said court at Boston on or before the 6th day of June, 2005, or you may be forever barred from claiming that such foreclosure is invalid under said act.

WITNESS, KARYN F. SCHEIER, Chief Justice of said Court this 20th day of April, 2005.

Deborah J. Patterson
Recorder
April 30, 2005

Massachusetts Foreclosures\Generated_Forms\Return on Order of Notice_Foreclosure_wright____2.92


EXHIBIT
F

# COMMONWEALTH OF MASSACHUSETTS
## LAND COURT
### DEPARTMENT OF THE TRIAL COURT

(SEAL)



05 MISC 307875

To    Case No.

**Gregory Driscoll**

and to all persons entitled to the benefit of the Soldiers' and Sailors' Civil Relief Act of 1940 as amended:

**Mortgage Electronic Registration Systems, Inc. its successors and assigns, as nominee for Household Finance Corporation, its successors and assigns.**

claiming to be the holder of a mortgage

covering real  property in    **Worcester**

numbered as    **87 Flagg Street**

given by

**Gregory Driscoll   to Novastar Mortgage, Inc., a Virginia Corporation dated April 08, 1999 and recorded at the Worcester County (Worcester District) Registry of Deeds at Book 21261, Page 222 and now held by Plaintiff by Assignment.**

has filed with said court a complaint for authority to foreclose said mortgage

in the manner following: **by entry and possession of and exercise of power of sale.**

If you are entitled to the benefits of the Soldiers' and Sailors' Civil Relief Act of 1940 as amended

and you object to such foreclosure you or your attorney should file a written appearance and

answer in said court at Boston on or before the    *6th*    day of *June*    2005

or you may be forever barred from claiming that such foreclosure    is invalid

under said act.

Witness, KARYN F. SCHEIER, Chief Justice of said Court this

*20th*   day of *April*    2005

Deborah J. Patterson

*Recorder*

**PUBLISH THE ABOVE COPY**
**RECORD THE ATTESTED COPY**

c:\Massachusetts Foreclosures\Generated_Forms\Order of Notice_Foreclosure_Driscoll_1200.51F3

I hereby on oath state I have published a copy of the within order ...ice in the

_The Worcester Telegram_ a newspaper published in

_Worcester_ in the County of _Worcester_

and said Commonwealth, to wit: on the _30th_ day of _April_ 2005,

a copy of which publication is hereto annexed, and by mailing by certified or registered mail or by serving by sheriff a copy of said notice not less than *fourteen* days before the return day to each defendant named in said complaint; that I am enclosing herewith certified or registered mail receipts or affidavits of service therefor; and that I recorded on _April 27, 2005_ a copy of said notice in the registry of deeds in which the mortgage is/are recorded.

_May 5_ , 2005

Subscribed and sworn to before me

_John Dorny_

_Notary Public_

> KERRY A. PASS
> Notary Public
> Commonwealth of Massachusetts
> My Commission Expires
> December 26, 2008

**NOTE**

This return is not to be published or recorded, but the affidavit must be executed properly and returned to the Land Court.

No. _307875_

ORDER OF NOTICE

**Commonwealth of Massachusetts,**
(SEAL) Land Court
**Department of the Trial Court**
Case No. 307875

To: **Gregory Driscoll** and to all persons entitled to the benefit of the Soldiers' and Sailors' Civil Relief Act of 1940 as amended: **Mortgage Electronic Registration Systems, Inc. its successors and assigns, as nominee for Household, Finance Corporation, its successor and assigns.** claiming to be the holder of a mortgage covering real property in **Worcester,** numbered **87 Flagg Street** given by **Gregory Driscoll** to **Novastar Mortgage, inc., a Virginia Corporation,** dated **April 8, 1999,** and recorded with the **Worcester County (Worcester District) Registry of Deeds** at **Book 21261, Page 222** and now held by Plaintiff by Assignment has filed with said court a complaint for authority to foreclose said mortgage in the manner following: **by entry and possession and exercise of power of sale.**

If you are entitled to the benefits of the Soldiers' and Sailors' Civil Relief Act of 1940 as amended and you object to such foreclosure you or your attorney should file a written appearance and answer in said court at Boston on or before the **6th day of June,** 2005, or you may be forever barred from claiming that such foreclosure is invalid under said act.

WITNESS, KARYN F. SCHEIER, Chief Justice of said Court this **20th day of April,** 2005.

Deborah J. Patterson
Recorder
April 30, 2005

e:\Massachusetts Foreclosures\Generated_Forms\Return on Order of Notice_Foreclosure_Wright .... 2.92

EXHIBIT
*G*

**Worcester County Sheriff's Office** • P.O. Box 1066 • Worcester, MA 01613 • (508) 752-1100

*Worcester, ss*

04/28/2005

I hereby certify and return that on 04/28/2005 at 09:03am I served a true and attested copy of the Order of Notice, letter in this action in the following manner:  To wit, by leaving at the last and usual place of abode of GREGORY DIRSCOLL  at 87 FLAGG ST, WORCESTER, MA.  Fees:  Service 20.00, Travel 19.20, Conveyance 2.00, Attest 5.00 & Postage and Handling 1.00, Total fees: $47.20

Deputy Sheriff Kenneth R Hannam

*Deputy Sheriff*

## COMMONWEALTH OF MASSACHUSETTS

## LAND COURT

### DEPARTMENT OF THE TRIAL COURT

Case No. 307875

## AFFIDAVIT AS TO MILITARY SERVICE

And now comes the plaintiff, one of the plaintiffs pursuant to an Act of the 76th Congress of the United States known as the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, and makes affidavit that defendant(s)

Gregory Driscoll

is
    not in the military service; and as to any other persons who may have an interest in the land described
~~are~~

in this case I am unable to determine whether or not they are in the military service of the United States within the meaning of said Act, as now effective.

May 5, 2005

*John Doonan* (signature)

John A. Doonan Esq.
Attorney for Plaintiff

> KERRY A. PASS
> Notary Public
> Commonwealth of Massachusetts
> My Commission Expires
> December 26, 2008

Subscribed and sworn before me,

_____
Notary Public

Notes: This affidavit is to be used in all tax lien, miscellaneous and supplemental cases where publication has been ordered by the Court.

It must be filled in to cover the military status, as of the date it is filed, of all known defendants.

\* In the body of the affidavit it should be stated that none of the defendants served by registered mail (or deputy sheriff) are in the military service, if such be the fact.

The last printed allegation should not be stricken from the affidavit under any circumstances because it covers interests not of record.

# COMMONWEALTH OF MASSACHUSETTS

## LAND COURT

## DEPARTMENT OF THE TRIAL COURT

Case No. 307875

Mortgage Electronic Registration Systems, Inc.

VS

Gregory Driscoll

## MOTION TO TAKE THE COMPLAINT FOR CONFESSED

And now comes the Plaintiff in the above-entitled case and respectfully moves that this complaint be taken for confessed.

John A. Doonan, Esq.
Attorney for Plaintiff

---

**LAND COURT USE ONLY**

Allowed (Scheier, C.J.)

Recorder

## INTERLOCUTORY ORDER TAKING COMPLAINT FOR CONFESSED

This cause came on to be heard at this sitting and upon consideration thereof, the defendants having failed to appear, it is ORDERED AND ADJUDGED that the complaint be taken for confessed.

By the Court (SCHEIER, C.J.)

Entered:                                                                                   Recorder

e:\Massachusetts Foreclosures\Generated_Forms\Motion for Confessed_Foreclosure_Driscoll_1200.51F3



# DOONAN, GRAVES & LONGORIA, LLC
## ATTORNEYS AT LAW

*Serving Massachusetts, Maine*
*New York & Washington*

*www.dgandl.com*

100 Cummings Center
Suite 213C
Beverly, Massachusetts 01915
TEL: (978) 921-2670
FAX: (978) 921-4870

## NOTICE OF INTENT TO FORECLOSE MORTGAGE AND INTENT TO PURSUE DEFICIENCY AFTER FORECLOSURE OF MORTGAGE

May 24, 2005

Gregory Driscoll
87 Flagg Street
Worcester, MA 01602

**Certified Article Number**

7160 3901 9848 9579 0783

**SENDERS RECORD**

VIA CERTIFIED MAIL

RE: 87 Flagg Street, Worcester, MA 01602

TO: Gregory Driscoll :

You are hereby notified, pursuant to Massachusetts General Laws, Chapter 244, §14, of the intention of Mortgage Electronic Registration Systems, Inc., on or after 06/16/2005 at 2:00 PM to foreclose by sale, under the power of sale for breach of conditions, the mortgage given by Gregory Driscoll to Novastar Mortgage, Inc., a Virginia Corporation dated April 08, 1999 and recorded at the Worcester County (Worcester District) Registry of Deeds Registry of Deeds at Book 21261, Page 222, which mortgage was to secure a note of the same date given by you, for the whole or part, of which you may be liable to the aforesaid Lender in case of a deficiency in the proceeds of the foreclosure sale.

Very truly yours,
Mortgage Electronic Registration Systems, Inc., its successors and assigns as nominee for Household Finance Corporation, its successors and assigns.
by its attorneys
DOONAN, GRAVES, & LONGORIA L.L.C.,

by:

John A. Doonan, Esq.

kp/JD

e:\Massachusetts Foreclosures\Generated_Forms\Notice of Deficiency_Foreclosure_Driscoll_1200.51F3

EXHIBIT
H

**LEGAL NOTICES** | **LEGAL NOTICES**

**NOTICE OF MORTGAGEE'S SALE OF REAL E...**

By virtue and in execution of the Power of Sale c... a certain mortgage given by Gregory Driscoll to Novastar Mortgage, Inc., a Virginia Corporation dated 04/08/1999, recorded with Worcester County Worcester District Registry of Deeds at Book 21261, Page 222 of which mortgage the undersigned is the present holder for breach of the conditions of said mortgage and for the purpose of foreclosing the same will be sold at PUBLIC AUCTION at 2:00 PM on 04/14/2005, on the mortgaged premises. The entire mortgaged premises, all and singular, the premises as described in said mortgage:

The land with the buildings thereon located in Worcester, Worcester County, Massachusetts on the easterly side of Flagg Street and being lot numbered two on a plan of lots drawn by S.G. Atherton, C.E. dated April 17, 1934, and recorded in Worcester District Registry of Deeds in Book 2610, Page 277, and bounded and described as follows:

BEGINNING at a point on the easterly line of Flagg Street at land of T.T. Ellis;

THENCE: South 65° 23' East by land of said Ellis, one hundred six and 96/100 (106.96) feet;

THENCE: South 31° 17' West by land now or formerly of Harold J. Beaudette, eighty-four and 5/10 (84.5) feet;

THENCE: North 63° 34' West by land of Kent Estate, one hundred twenty-five and 98/100 (125.98) feet to the easterly line of Flagg Street;

THENCE: North 44° 25' East by the easterly line of Flagg Street, eighty-five (85) feet to the point of beginning.

Containing 9585 square feet of land.

Being the same premises conveyed to me by Deed of Ann Schlicimann and Gregory Driscoll dated April 8, 1999 and recorded with the Worcester District Registry of Deeds immediately prior hereto as Instrument No. 58739.

Subject to and with the benefit of easements, reservation, restrictions, and taking of record, if any, insofar as the same are now in force and applicable.

In the event of any typographical error set forth in the legal description of the premises, the description as set forth and contained in the mortgage shall control by reference.

This property has the address of **87 Flagg Street, Worcester, MA 01602.**

Together with all the improvements now or hereafter erected on the property and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights and stock and all fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this sale.

**Terms of Sale:**

Said premises will be sold subject to any and all unpaid taxes and assessments, tax sales, tax title and other municipal liens and water and sewer liens and State or County transfer fees, if any there are, and FIVE THOUSAND DOLLARS ($5,000.00) in cashier's or certified check will be required to be paid by the purchaser at the time and place of the sale as a deposit and the balance in cashier's or certified check will be due in thirty (30) days, at the offices of Doonan, Graves & Longoria, L.L.C., 100 Cummings Center, Suite 213C, Beverly, Massachusetts, time being of the essence.

The Mortgagee reserves the right to postpone the sale to a later date by public proclamation at the time and date appointed for the sale and to further postpone at any adjourned sale date by public proclamation at the time and date appointed for the adjourned sale date.

The premises is to be sold subject to and with the benefit of all easements, restrictions, leases, tenancies, and rights of possession, building and zoning laws, encumbrances, condominium liens, if any and all other claim in the nature of liens, if any there be.

In the event that the successful bidder at the foreclosure sale shall default in purchasing the within described property according to the terms of this Notice of Sale and/or the terms of the Memorandum of Sale executed at the time of foreclosure, the Mortgagee reserves the right to sell the property by foreclosure deed to the second highest bidder, providing that said second highest bidder shall deposit with the Mortgagee's attorneys, DOONAN, GRAVES & LONGORIA, L.L.C., 100 Cummings Center, Suite 213C, Beverly, Massachusetts, 01915, the amount of the required deposit as set forth herein within three (3) business days after written notice of the default of the previous highest bidder and title shall be conveyed to the said second highest bidder within twenty (20) days of said written notice.

If the second highest bidder declines to purchase the within described property, the Mortgagee reserves the right to purchase the within described property at the amount of the bid by the second highest bidder.

The foreclosure deed and the consideration paid by the successful bidder shall be held in escrow by DOONAN, GRAVES & LONGORIA, L.L.C. (hereinafter called the "Escrow Agent") until the deed shall be released from escrow to the successful bidder at the same time as the consideration is released to the Mortgagee, thirty (30) days after the date of sale, whereupon all obligations of the Escrow Agent shall be discharged.

Other terms to be announced at the sale.

Dated: May 16, 2005

Mortgage Electronic Registration Systems, Inc., its successors and assigns, as nominee for Household Finance Corporation, its successors and assigns
By: John A. Doonan, Esq.
DOONAN, GRAVES & LONGORIA L.L.C.
100 Cummings Center, Suite 213C,
Beverly, MA 01915
(978) 921-2670
www.dgandl.com
May 26, June 2, 9, 2005

NOTICE OF MORTGAGEE'S SALE OF REAL ESTATE

EXHIBIT
I

## MEMORANDUM OF TERMS AND CONDITIONS
## FOR THE PURCHASE AT MORTGAGEE'S FORECLOSURE SALE

### PREMISES: 87 Flagg Street, Worcester, MA 01602



_____, of _____ (hereinafter referred to as **"BUYER"**) hereby acknowledges the purchase at public auction from Terry St. Pierre , of Tache Auctions and Sales acting as agent for the Mortgage Electronic Registration Systems, Inc., its successors and assigns as nominee for Household Finance Corporation, its successors and assigns. , (hereinafter referred to as **"SELLER"**), the real estate described in the attached copy of "Mortgagee's Sale of Real Estate" for the bid sum or purchase price of $ TWO HUNDRED FIFTY ONE THOUSAND & 00/100 DOLLARS. Buyer hereby agrees to comply with the following terms and conditions of sale, and has paid as a deposit to bind the bargain the sum of FIVE THOUSAND & 00/100 ($5,000.00) $251,000.00 DOLLARS, which sum shall be forfeited to the Seller should the Buyer fail to comply with these terms and conditions of sale, but such forfeiture shall not relieve the Buyer from any contractual obligations hereunder nor shall such forfeiture be applied to the mortgage debt. Such forfeiture shall still be effective in the event the real estate is sold to the second (2nd) highest bidder.

Such premises are to be conveyed to the Buyer by a good and sufficient Foreclosure Deed conveying a good and clear record title to the premises located at **87 Flagg Street, Worcester, MA** more fully described in Mortgagee's Notice of Sale of Real Estate attached hereto, subject to the following:

1. Provisions of existing zoning, building, subdivision control, environmental laws and all other laws, by-laws, rules and restrictions of the City/Town of **Worcester,** and also of the Commonwealth of Massachusetts relating to use of land or buildings.

2. Any existing tenancy or tenancies, leases or occupants, or rights of possession, if any there be.

3. Restrictions, rights, reservations, easements and agreements of record, if applicable.

4. All outstanding municipal taxes, tax liens, tax titles, tax takings, and betterment assessments, all transfer costs, including, but not limited to, "tax stamps" and recording fees, outstanding water rates, water liens, and also sewer use assessments or taxes, if any there be, all of which shall be assumed by Buyer without adjustment in favor of Buyer.

1


EXHIBIT

5. Said premises are conveyed subject to the right of redemption of the United States or any of it's sub-agencies or divisions according to law, if applicable, to redeem the said premises.

6. Buyer acknowledges that this sale is subject to "so called" Title 5 Regulations that may require the inspection of the septic system for this property. Buyer further acknowledges that the Mortgagee makes no warranty or representation as to the applicability of the aforesaid Title 5 nor makes any warranty or representation as to whether the subject property will pass Title 5 septic system evaluation. The sole responsibility for compliance, if applicable, of the Title 5 requirements shall be the Buyer's and the Mortgagee shall have no responsibility therefore.

If fire or other casualty damages the buildings, Buyer at his option may cancel this agreement and receive back his deposit. However, the Seller, at its option, shall have the privilege to extend this agreement for an additional period of third (30) days and if the buildings are restored to their former condition within said period then Buyer shall be obligated to purchase said premises. The Buyer may elect, however, to have the proceeds of any insurance money received or to be received on account to such casualty assigned to him by the Seller and proceed with the purchase of said property under the terms of this memorandum.

Buyer acknowledges that Buyer has not been influenced to enter into this transaction nor has it relied upon any warranties or representations, expressed or implied, not set forth in this Agreement, or in the legal advertisement of this sale. Specifically, the Buyer acknowledges that the Seller has made no representations or warranties concerning the compliance of the premises with any and all buildings, zoning, environmental or the laws or ordinances (federal, state or local) which may affect the Buyer's use and/or enjoyment of the Premises. Additionally, any improvements including the buildings, if any, on the premises are sold "AS IS, WHERE IS" with no warranties expressed or implied. Buyer acknowledges that the Seller has made no representations or agreements that the Premises is vacant land, is a lot on which a structure may be built or if there is a partially completed structure on the Premises that it may be completed. Buyer also acknowledges that this sale does not include any personal property located on the premises being sold.

Buyer shall obtain his own financing if needed to purchase the premises sold thereunder and the Buyer acknowledges the Seller has made no representations that Seller will give or obtain financing for Buyer.

If a material defect in the record title, other than those set forth in Clauses 1-5 of this agreement preceding, shall be claimed by the Buyer, the Buyer shall notify the Seller and its attorney thereof in writing at least ten (10) days prior to the closing date stated below and the Seller shall have the option to use such portion of sixty (60) days from date of notice thereof as it may require to perfect said title, but shall be under no such obligation to do so.

If the Seller does not clear the record title or obtain at Seller's expense affirmative Title Insurance over the defect, the deposit made under this agreement shall be refunded without

payment of interest thereon to the Buyer and all obligations of either party shall hereto cease, without further recourse.

The balance of the consideration of the sale, which shall be in the form of a Cashier's Check or Bank Check drawn on a Bank located In Eastern Massachusetts, made payable to HSBC. , (except the deposit which shall be held by the Seller), shall be paid to Seller and the Premises conveyed to the Buyer by the usual Mortgagee's deed under the statutory power of sale on or before July 16, 2005, at 5:00 p.m. at the said office of DOONAN, GRAVES, & LONGORIA L.L.C., 100 Cummings Center, Suite 213C, Beverly, Massachusetts, 01915, time being of the essence. At the same time there shall be delivered to the Buyer a properly executed entry to foreclose and a copy of a Judgment of the Land Court authorizing the sale and said entry.

The Buyer acknowledges that if, as the successful bidder at the Foreclosure Sale, the Buyer shall default in purchasing the within described property according to the terms of the Mortgagee's Sale of Real Estate attached hereto, and/or the terms of this Memorandum of Sale that the Seller reserves the right to sell the property by Foreclosure Deed to the second highest bidder providing that said second highest bidder shall deposit with the Seller's Attorney, DOONAN, GRAVES, & LONGORIA L.L.C., the amount of the required deposit as set forth herein and execute this Memorandum of Sale within three (3) business days after written notice of the default of the previous highest bidder and title shall be conveyed to the said second highest bidder within twenty (20) days of said written notice. It is also agreed that the Seller as holder of the mortgage being foreclosed may bid at this foreclosure Sale, and if Seller is the second highest bidder, Seller Shall have the right to purchase said Premises at the second highest bid price if the highest bidder defaults.

The Buyer is advised that Massachusetts General Laws, Chapter 111, Section 190-191 provides for a program of lead poisoning prevention and control, and further that there is a possibility of lead paint problem under said law if a child under six years of age becomes a resident of the dwelling being purchased. The Buyer takes this risk; in purchasing this property pursuant to notice given hereunder.

The Buyer is further advised that Massachusetts General Laws. Chapter 14S, Section 26F requires that smoke detectors be installed in all residential structures. The Buyer, in purchasing this property at this foreclosure sale, agrees that he/she will assume all costs relative to the purchase and installation, plus all costs dealing with inspection fees for such smoke detection equipment and Buyer further acknowledges that such equipment shall meet all of the minimum state and the appropriate Fire Department requirements.

In the event that the second highest bidder does not wish to purchase the premises, the holder of the mortgage reserves the right to purchase the premises at the amount bid by the second highest bidder.

In the event the mortgagee cannot deliver title to the premises as provided herein, the purchaser shall only be entitled to the return of his/her deposit and this shall be purchaser's sole and exclusive remedy at law or in equity.

3

In the event that Mortgagee is unable to deliver title under the conditions hereinbefore stated or referred to, or in the event the Mortgage elects to, at its sole discretion, unilaterally terminate this Memorandum of Terms and Conditions agreement to permit the owner of the premises to retain ownership, all deposits made by purchaser shall be returned and the contract effected hereby shall cease without recourse to the parties hereto.

The acceptance or recording of a deed and certificate of entry for the premises by the Buyer shall be deemed to be a full performance and discharge of the Seller's obligation hereunder.

This Agreement is executed in duplicate and is to be construed as a Massachusetts contract, to take effect as a sealed instrument, as sets forth the entire contract between the parties, is binding upon and inures to the benefit of the parties hereto and their respective heirs, devisees, executors, administrators, successors and assigns, and may be canceled, modified, or amended only by a written instrument executed by the Seller and Buyer. If two or more persons are named herein as Buyer their obligations hereunder shall be joint and several.

**Time is of the essence of this agreement.**

The Seller hereby acknowledges receipt of said deposit in the amount of FIVE THOUSAND & 00/100 ($5,000.00) DOLLARS. Executed as a sealed instrument in duplicate this 16th day of June, 2005

Buyer

Buyer Address

Telephone Number

Auctioneer for Seller as
authorized agent and not otherwise.

4

LOAN # 002084655                                    CASE NO. 307875

## CERTIFICATE OF ENTRY TO FORECLOSE

WE HEREBY CERTIFY that on the _16_ day of _June_, in the year two thousand and five, we were present and saw said _ERIN POWERS_, Esq., duly authorized agent of Mortgage Electronic Registration Systems, Inc., its successors and assigns as nominee for Household Finance Corporation, its successors and assigns. pursuant to authority contained in a Power of Attorney recorded herewith and by every other power, Mortgage Electronic Registration Systems, Inc., its successors and assigns as nominee for Household Finance Corporation, its successors and assigns. present holder of a certain mortgage given by Gregory Driscoll   to Novastar Mortgage, Inc., a Virginia Corporation dated 04/08/1999, and recorded at the Worcester County (Worcester District) Registry of Deeds at Book 21261, Page 222, hereby make an open, peaceable and unopposed entry on the premises situated at **87 Flagg Street, Worcester**, described in said mortgage, for the purpose, by him/her declared, of foreclosing said mortgage for breach of conditions thereof and for the purpose of collecting rents and taking possession of said premises.

_____          _____
Witness Signature                           Witness Signature

_John Hamilton_                             _Paul Lindblad_
Witness Name (please print)                 Witness Name (please print)

## COMMONWEALTH OF MASSACHUSETTS

Worcester, SS

On this ___ day of _____, 2005, before me, the undersigned Notary Public, personally appeared _John Hamilton_ and _Paul Lindblad_, proved to me through satisfactory evidence of identification, which were drivers licenses to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he/she signed it voluntarily for its stated purpose and that the foregoing instrument is his/her/their free act and deed before me,

_Terryanne St. Pierre_
_____, Notary Public
My Commission Expires   / /

_March 19, 2010_

COMMONWEALTH OF MASSACHUSETTS
HOUSING COURT

IN RE: Gregory M Driscoll
87 Flags St
Worcester Massachusetts 01602

Now Comes Gregory Driscoll, owner of the
Real Estate located at 87 Flags Street
Worcester MA, and REQUESTS this
Court enter a Temporary Restraining
Order for the closing to
occur tomorrow, July 22, 2005
between Mortgage Electronic Registration
Systems Inc, its successors and
assigns, as Nominee for Household
Finance Corporation, its successors and
assigns, and the High Bidder
at a Foreclosure Auction which
took place on June 16, 2005 regarding
the property at 87 Flags Street
Worcester, Massachusetts.

AS GROUNDS   Gregory Driscoll states:

1) I never received notice of
the pending Auction

EXHIBIT
K

2) The collector of the debt, their agent's and assigns DID NOT respond to my FAIR DEBT COLLECTION LETTER and (SENT BY REGISTERD MAIL)

3) DID NOT VALIDATE the DEBT AS REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES Act : 15 USC 1629 G; SECTION 809 D.

4) Therefore the Attorney For the Plaintiff knew or should HAVE KNOWN that a dispute had been Lodged with their client, and a REGISTERED LETTER had been RECEIVED ON 2-11-2005

5) Said Attorney, Acting As collector For the PLAINTIFF, ALSO WAS SENT A copy OF the Letter to their Attorneys by Express MAIL. AND they MADE no Attempt to VALIDATE the DEBT in VIOLATION OF FDCPA : 15 USC 1629 G SECTION 809 D

6) Therefore the JUDGEMENT/ORDER ISSUED By The Commonwealth of Massachusetts LAND Court WAS a Judgment

OBTAINED By FRAUD. (Chapter 183 Sections)  M.G.L.

6) AND Further SAID Judgement DENIED Gregory M Driscoll OF his Equity OF REDEMPTION Rights

7) This FORECLOSURE SALE is therefore A FRAUDLENT TRANSFER IN VIOLATION OF, but not Limited to, FAIR CREDIT Act, FAIR DEBT COLLECTION Act, MGL CHAPTER 93 AND ALL APPLICABLE STATE AND FEDERAL STATUE

Where fore Gregory M Driscoll PRAYS this court ENTER —

A) A Temporary RESTRAINING ORDER to Stop the CLosing that is Scheduled to OCCUR ON Friday July 22nd, 2005 BETWEEN HSBC and Assigns and the Highest Bidder at the Foreclosure Auction on JUNE 1st, 2005 AT 87 FLAGG ST WORCESTER MASSACHUSETTS

B) A PERMANENT INJUNCTION UNTIL A HEARING ON the MERITS OF WHether the Foreclosure PROCEEDING WAS LEGAL and VALID

as to the Rights of the
Owner. of Record, Gregory
M Driscoll.

Respectfully Submitted,
Gregory Driscoll, PROSE

_Gregory M Driscoll_
Gregory M Driscoll

Dated 7-21-05

# COMMONWEALTH OF MASSACHUSETTS
## LAND COURT
(SEAL)
## DEPARTMENT OF THE TRIAL COURT

To                                                              Case No.

05 MISC 307875



    **Gregory Driscoll**

and to all persons entitled to the benefit of the Soldiers' and Sailors' Civil Relief Act of 1940 as
amended:

**Mortgage Electronic Registration Systems, Inc. its successors and assigns, as nominee for**

**Household Finance Corporation, its successors and assigns.**

claiming to be the holder of a mortgage

covering real   property in   **Worcester**

numbered as   **87 Flagg Street**

given by

**Gregory Driscoll   to Novastar Mortgage, Inc., a Virginia Corporation dated April 08, 1999
and recorded at the Worcester County (Worcester District) Registry of Deeds at Book
21261, Page 222 and now held by Plaintiff by Assignment.**

has filed with said court a complaint for authority to foreclose said mortgage

in the manner following: by entry and possession of and exercise of power of sale.

If you are entitled to the benefits of the Soldiers' and Sailors' Civil Relief Act of 1940 as
amended

and you object to such foreclosure you or your attorney should file a written appearance and

answer in said court at Boston on or before the     *6th* day of     *June*          2005

or you may be forever barred from claiming that such foreclosure                     is invalid

under said act.

Witness, KARYN E. SCHEIER, Chief Justice of said Court this

      *20th* day of *April*     2005

                  Deborah J. Patterson

                  *Recorder*



CERTIFIED MAIL

U.S. POSTAGE
465

RETURN RECEIPT REQUESTED

Gregory Driscoll
5 Flagg Street
Worcester, MA 01602

DOONAN GRAVES & LONGORIA LLC
ATTORNEYS AT LAW
100 Cummings Center
Suite 213C
Beverly, Massachusetts 01915

UNCLAIMED

1st NOTICE
2nd NOTICE



EXHIBIT

L

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO.  05-40120-FDS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

GREGORY M. DRISCOLL,                          \*
                                             \*
            PLAINTIFF                          \*
                                             \*
V.                                            \*
                                             \*
HSBC MORTGAGE SERVICES;                       \*
HOUSEHOLD MORTGAGE SERVICES INC.;  \*
MORTGAGE ELECTRONIC SERVICES;       \*
ITS SUCCESSORS AND ASSIGNS              \*
DOONAN, GRAVES & LONGORIA LLC         \*
                                             \*
            DEFENDANTS                         \*
                                             \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

AFFIDAVIT OF ERIN E. POWERS

Erin E. Powers, an associate in the law firm of Doonan Graves & Longoria,

attorneys of record for HSBC Mortgage Services, ("HSBC"); Household Mortgage

Services Inc. ("Household"); and Mortgage Electronic Services ("MERS") in the above-

entitled action avers that:

1.  I am an attorney admitted to practice in the Commonwealth of Massachusetts.

2.  On June 16, 2005, I attended the foreclosure auction on property more

    particularly described as 87 Flagg Street, Worcester, Massachusetts, on behalf

    of the foreclosing mortgagee, Mortgage Electronic Registration Systems, Inc.,

    its successors and assigns, as nominee for Household Finance Corporation, its

    successors and assigns.

3. During the foreclosure auction, the Plaintiff appeared, attempted to dispute the validity of the debt and stated that the foreclosure auction cannot take place.

4. The Plaintiff further stated that he was going to call the police and I agreed with him that the police should be called.

5. At no time did I threaten the Plaintiff or intimidate him in any way.

6. At no time did I threaten the Plaintiff with possible arrest.

7. The undersigned affirms that the foregoing statements are true, based upon my personal knowledge, and that this affidavit is executed under the pains and penalties of perjury.

_Erin Powers_
Erin E. Powers