UNITED STATES OF AMERICA
DISTRICT COURT OF MASSACHUSETTS

_____
                                    )
GREG M. DRISCOLL                    )
                                    )
     Plaintiff                      )
                                    )
     v.                             )          Civil Action No. 05-40120-FDS
                                    )
HSBC MORTGAGE SERVICES;             )
HOUSEHOLD MORTGAGE                  )
SERVICES INC.;                      )
MORTGAGE ELECTRONIC                 )
SERVICES; ITS SUCCESSORS            )
AND ASSIGNS                         )
DOONAN, GRAVES &                    )
LONGORIA, LLC                       )
                                    )
     Defenants                      )
_____   )

**MEMORANDUM IN SUPPORT OF DEFENDANT, HSBC'S MOTION TO COMPEL
DISCOVERY AND DISMISSAL**

The Defendant, HSBC Mortgage Services and Mortgage Electronic Registration Systems, Inc., as

Nominee for Household Finance Corporation, its Successor and Assigns, ("HSBC") by and through its

attorneys, Doonan, Graves & Longoria, LLC, submits this memorandum in support of its request for an

Order compelling discovery from Plaintiff, Greg M. Driscoll pursuant to Fed. R. Civ. P. 37(a), and LR.

37.1(A)(B).  In the alternative, Defendant requests an Order precluding Plaintiff from admitting evidence

which would have been produced via its Automatic Discovery Disclosure and its response to Defendants'

request for documents under Fed. R. Civ. P. 34.  Finally, Defendant requests that this action be dismissed

pursuant to Fed. R. Civ. P. 41(b).

**I.
NATURE OF THE CASE AND FACTS RELEVANT TO THE DISCOVERY ISSUES**

Plaintiff, Greg M. Driscoll filed a "complaint" in the Worcester County Superior Court on July 21, 2005, in civil action number 05-1363C to stay the transfer of the subject property after a foreclosure sale. See Exhibit A.

A Hearing on the Plaintiff's state court motion was held on July 22, 2005, and on July 25, 2005, HSBC's Notice of Removal was "allowed" and the Notices to all parties were mailed.

On July 22, 2005, the Plaintiff, Greg M. Driscoll, filed a *pro-se* complaint and request for Temporary Restraining Order under Docket No. 05-70120-FDS. The hearing on the Plaintiff's request for a preliminary injunction in Docket No. 05-40120-FDS was scheduled for August 3, 2005. On July 29, 2005, the Defendants filed a Notice of Removal of the state court action in the U.S. District Court.

On July 13, 2006, the Defendant served upon Plaintiff its Automatic Discovery Disclosure pursuant to Fed. R. Civ. P. 26. Plaintiff failed to respond or file its own disclosures. Defendant felt a discovery conference was in order and made a request for said conference. To date, no response has been received.

**II.**
**DISCOVERY CONFERENCE**

The Defendant hereby certifies that on August 18, 2006, pursuant to LR. 37.1, Defendant requested from *Pro Se* Plaintiff by letter via certified mail, a discovery conference in order to discuss Defendant's document requests and the exchange of discovery material. **Exhibit B.** *Pro Se* Plaintiff did not respond to Defendant within seven (7) days as required, and has not responded to date.

**III.**
**DEFENDANT'S REQUEST FOR THE PRODUCTION OF DOCUMENTS PURSUANT TO Fed. R. Civ. P. 26(a)(1) and 34.**

In conclusion with this Court's Order, the Defendant provided the Plaintiff by certified mail on July 13, 2006, its initial disclosures including a copy of the origination file. In Defendant's submission HSBC requested the Plaintiff to advise if his intentions were to dismiss this case since he had not complied with the scheduling order. In addition, Defendant requested a discovery conference on August 18, 2006, to discuss the Plaintiff's failure to disclose its Automatic Discovery as well as his failure to

comply with the scheduling order.

### IV.
### DEFENDANT'S POSITION AS TO THE DISCLOSURE OF DOCUMENTS REQUESTED

As a result of the *Pro Se* Plaintiff's failure to engage in a discovery conference with Defendant to discuss the disclosure of documents previously mentioned, as well as the Plaintiff's failure to produce documents pursuant to Rule 34 of the Federal Rules of Civil Procedure, it is requested that this Court issue an Order compelling Plaintiffs to produce said documents.  Defendant makes this Motion having satisfied the requirements of Loc. R. 37.1 and Loc. R. 26.2(C).

Finally, it should be noted that Defendant has made every opportunity to conform to the discovery deadlines outlined by this Court.  Plaintiff, on the other hand, the party initiating this action, has not been cooperative in maintaining the discovery timetable and responding to the requests of the Defendant.

### V.
### DEFENDANT'S MOTION FOR DISMISSAL UNDER Fed. R Civ. P. 41(b)

Defendant requests dismissal of Plaintiff's action on the grounds of Plaintiffs failure to comply with the Federal Rules of Civil Procedure.  Plaintiff, the party that initiated this action, has failed to respond to Defendant's discovery requests and this failure has resulted in expense to the Defendant and delay of the completion of discovery. Moreover, Plaintiff's action should be dismissed due to the conspicuous weakness in the Plaintiff's claims and in the interest of judicial economy.

Respectfully submitted,

Dated: September 6, 2006

/s/ Reneau J. Longoria
DOONAN, GRAVES & LONGORIA LLC
Attorneys for HSBC
Reneau J. Longoria, Esq. (BBO# 635118)
100 Cummings Center, Suite 213C
Beverly, MA  01915
*(978) 921-2670*